*TERRY A. DAKE, LTD.*
P.O. Box 26945
Phoenix, Arizona 85068-6945
Telephone: (602) 710-1005
tdake@cox.net

Terry A. Dake - 009656

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| JONATHAN TIFFANY WATTS; | ) | Case No. 2:24-BK-01648-DPC |
| Debtor. | ) | |

**OBJECTION TO EXEMPTIONS
AND NOTICE OF BAR DATE**

The trustee objects to certain exemptions claimed by the debtor. The trustee's objection is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

DATED April 26, 2024.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
  Terry A. Dake
  P.O. Box 26945
  Phoenix, Arizona 85068-6945
  Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Motorcycle**

The debtor claims a $7,500.00 exemption in a 2022 Indian Challenger Motorcycle. The trustee objects.

The debtor's Schedule D shows that his interest in the motorcycle is subject to a lien in favor of an insider. If that lien is avoided by the trustee, the lien will be preserved in favor of the

estate and will be held by the estate for the benefit of creditors. 11 U.S.C. §551. The asserted exemption is inferior to the avoided lien. A.R.S. §33-1122; *In re Glass*, 60 F.3d 565 (9th Cir. 1995); *In re Heintz*, 198 B.R. 581 (9th Cir. BAP 1996); *see also, In re Trujillo*, 215 B.R. 200 (9th Cir. BAP 1997); *In re Ulrich*, 203 B.R. 691 (Bankr. C.D. Il. 1997) (debtor could not claim auto exempt after trustee avoided lien); *In re Ellis*, 2011 WL 61378 (Bankr. D. Idaho 2011). Thus, the trustee objects to the asserted exemption to make clear that it is inferior to the lien which may be held by the estate if the lien is avoided. If avoided, the debtor will need to pay the amount of the indebtedness owed to the insider to satisfy the security interest in the Vehicle.

Second, the $7,500.00 exemption is the amount provided for by Proposition 209. Proposition 209 ("Prop 209") was approved by Arizona voters November 8, 2022 and became law on December 5, 2022.

However, Prop 209 contains a "savings clause" (Section 10), which says:

> This act applies prospectively only. Accordingly, it does not affect rights and duties that matured before the effective date of this act, contracts entered into before the effective date of this act or the interest rate on judgments that are based on a written agreement entered into before the effective date of this act.

In this case, several of the debts which the debtor seeks to discharge were incurred before Prop 209 became effective on December 5, 2022. See, Schedule F, Admin. Dkt. No. 9. Yet, the debtor seeks to alter the rights of these pre-existing creditors by claiming the

2

benefit of the significantly higher exemptions that were created by Prop 209 on December 5, 2022.

Prop 209 could not have been clearer - it applies "prospectively" only. Thus, it cannot be used alter the debtor creditor relationships that were created long before Prop 209 existed. The debtors incurred no less than 18 debts (see Schedule F) based on the exemptions that existed before the passage of Prop 209. They would now seek to change the rights of those creditors by claiming the increased exemptions that Prop 209 subsequently created. The savings clause does not permit them to do so. Therefore, the exemptions claimed by the debtors under the increased exemptions otherwise allowed by Prop 209 cannot be allowed in this case.

In addition, Prop 209 is unconstitutional due to vagueness. That issue is presently before the Arizona Court of Appeals. Arizona Creditors' Bar v. State of Arizona, No. 1 CA-CV-22-0765. Unless and until the state courts have resolved that issue, the increased exemptions which are based on Prop 209 cannot be allowed.

**2. 529 College Fund Accounts**

The debtor claims $40,887.00 of "529 college fund accounts" exempt under A.R.S. §33-1126(A)(10). However, that statute contains the following express exclusion: "This does not include money contributed to the plan within two years before a debtor files for bankruptcy."

The debtor has admitted that $4,000.00 was contributed to these accounts on December 5, 2023 and an additional $2,000.00 was contributed on November 7, 2022. Since those contributions are less than two years before the bankruptcy filing on March 6, 2024, the

3

$6,000.00 contributed during the two years prior to bankruptcy are not exempt. The contributions totaling $6,000.00 must be turned over to the trustee.

### 3. Tools, Workbench, Motorcycle Lift

The debtor claims "tools, workbench and motorcycle lift" exempt under A.R.S. §33-1125(7). The trustee objects. The cited statute allows the following assets to be exempted: "One typewriter, one computer, one bicycle, one sewing machine, a family bible or a lot in any burial ground of not more than an aggregate fair market value of two thousand dollars." By the plain language of the statute, the exemption does not include tools, a workbench or a motorcycle lift. The asserted exemption must be denied.

**WHEREFORE**, the trustee prays for the entry of an order denying the exemption claimed in the motorcycle, tools, workbench and motorcycle lift, and denying the exemption asserted in the 529 College Fund Accounts to the extent of $6,000.00 and ordering those assets to be turned over to the trustee.

DATED April 26, 2024.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake
P.O. Box 26945
Phoenix, Arizona  85068-6945
Attorney for Trustee

**NOTICE OF OBJECTION TO CLAIMED EXEMPTIONS**

The trustee has filed the above objection to the exemptions claimed by the debtor.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this

4

bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to sustain the trustee's objection to the claimed exemptions and disallow them or if you want the court to consider your views on the trustee's objection, then on or before **May 20, 2024** you or your attorney must file with the Court a written response requesting a hearing on the trustee's objection.

**FILE YOUR OBJECTION AT:**

Clerk
United States Bankruptcy Court
230 N. First Avenue
Ste. 101
Phoenix, AZ 85003-1706

If you mail your response to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to the attorney for the trustee at:

Terry A. Dake, Esq.
***Terry A. Dake, Ltd.***
P.O. Box 26945
Phoenix, Arizona 85068-6945

If you or your attorney do not take these steps, the Court may decide that you do not oppose the trustee's objection and may enter an order that sustains the trustee's objection and disallows those exemptions to which the trustee has objected.

COPY mailed April 26, 2024 to:

**JONATHAN TIFFANY WATTS**
16019 S 10TH PL
PHOENIX, AZ 85048

　/s/ TD009656　　　　　　

5